UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

RANDEL P. ROHRING,

                Plaintiff,

v.                                    **DECISION AND ORDER**
                                              19-CV-6376S

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
───────────────────────────────

       Plaintiff Randel Rohring is a prevailing party in this Social Security benefits action. Presently before this Court is Plaintiff's counsel's Motion for Attorney Fees under 42 U.S.C. § 406 (b)(1)(A). (Docket No. 21.) Defendant does not oppose the motion but asks this Court to determine whether the amount requested is reasonable. (Docket No. 23.)

       Forty-two U.S.C. § 406 (b)(1)(A) provides as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.  In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

       Plaintiff was awarded past-due benefits by letter dated August 2, 2021. (Docket No. 21-3 at p. 1.) The Social Security Administration withheld 25% of Plaintiff's benefits, or $22,165.50, in order to pay Plaintiff's counsel. (Id. at p. 3.)

Plaintiff's counsel applied for attorney's fees on August 18, 2021. (Docket No. 21.) The United States Court of Appeals for the Second Circuit recently clarified that § 406 (b) motions must be filed within 14 days after the claimant receives notice of the Commissioner's favorable award on remand, consistent with Rule 54 (d)(2)(B) of the Federal Rules of Civil Procedure and equitable tolling principles. See Sinkler v. Berryhill, 932 F.3d 83, 86 (2d Cir. 2019). Plaintiff's notice of favorable award was issued on August 2, 2021. (See Docket No. 21-3 at p. 1.) This Court presumes that Plaintiff received it 3 days later, making Plaintiff''s counsel's August 18, 2021, motion timely. See id. at 89 n. 5 (referring to "the law's presumption that a party receives communications three days after mailing" and citing Tiberio v. Allergy Asthma Immunology of Rochester, 664 F.3d 35, 37 (2d Cir. 2011)).

Plaintiff's counsel applied for $22,165.50 in attorney's fees, consistent with the contingent-fee agreement that provides for attorney fees not to exceed 25% of any recovery. (Docket No. 21.)

Regarding the reasonableness of Plaintiff's counsel's fee request, having thoroughly reviewed counsel's fee request and supporting documentation, including the assertion that counsel expended 38.5 hours litigating the matter, see Declaration of Mary Ellen Gill, Docket No. 21-2 at p. 3, this Court finds that the requested fee is reasonable based on counsel's experience in social security law, the character of the representation provided, and the favorable results achieved. See Gisbrecht v. Barnhart, 535 U.S. 789, 808, 1122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002). Moreover, there is no indication that this fee is a windfall. Id. Plaintiff's counsel's $22,165.50 fee request is therefore granted under

42 U.S.C. § 406 (b)(1)(A).

By stipulation approved and ordered on October 19, 2020, this Court previously awarded Plaintiff's counsel $7,499.81 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d). (Docket No. 20.) Because the fee granted herein exceeds the EAJA fee, Plaintiff's counsel must refund the EAJA fee to Plaintiff. See Wells v. Bowen, 855 F.2d 37, 42 (2d Cir. 1988).

IT HEREBY IS ORDERED, that counsel's Motion for Attorney Fees in the amount of $22,165.50 under 42 U.S.C. § 406 (b)(1)(A) (Docket No. 21) is GRANTED.

FURTHER, that Plaintiff's counsel is directed to refund to Plaintiff the $7,499.81 EAJA award.

SO ORDERED.

Dated:   October 1, 2021
         Buffalo, New York

                                                    s/William M. Skretny
                                                    WILLIAM M. SKRETNY
                                                    United States District Judge